IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| SAMAYA MCRAINE,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendants, | CV 21-24-M-DLC-KLD<br><br><br>ORDER and FINDINGS AND RECOMMENDATION |

On March 5, 2021, pro se Plaintiff Samaya Mcraine ("Mcraine") filed a motion for leave to proceed in forma pauperis (Doc. 1) and lodged a complaint against the United States of America. (Doc. 2). Mcraine has also filed a Motion to File Unseal Under Seal (Doc. 3) and a Motion for Appointment of Counsel (Doc. 8).

### I.  Motion to Proceed In Forma Pauperis

Under 28 U.S.C. § 1915(a), a civil proceeding may be commenced without prepayment of fees upon filing an affidavit showing inability to pay. On March 5, 2021, Mccraine completed an "Application to Proceed in District Court without Prepaying Fees or Costs." (Doc.1). The information provided in the application is sufficient to make the showing required by 28 U.S.C. § 1915(a) and the Court

1

grants her request to proceed in forma pauperis.

## II. Screening Requirement

Because Mcraine is proceeding in forma pauperis, the Court must review her Complaint to determine if the allegations are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. If so, the Complaint must be dismissed. 28 U.S.C. § 1915(e)(2).

Dismissal for failure to state a claim is appropriate when the complaint "either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief.," *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)), and "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A plausibility determination is context specific, and courts must draw on judicial experience and common sense in

2

question jurisdiction pursuant to 28 U.S.C. § 1331, and lists the statutes at issue as 42 U.S.C. § 1983, and the Medicaid Act, 42 U.S.C. § 1966-1396v. (Doc. 2 at 3).

In the Statement of Claim section of the Complaint form, which asks for a description of the facts showing that the plaintiff is entitled to relief, Mccraine alleges as follows:

> Action Taken that violated HIPPA [sic] and civil rights pertaining to non-acquirable or sealed medical records. Alaska Court denied case and action taken. Discovered potential document that may lead to records of issue though Federally Sealed in a federal case of a federally contracted family member. As a result was detained as a result of medical personnel allegedly making claims directly relating to their acquisition of records myself have never been able to obtain.

(Doc. 2 at 4). In the Relief section of the Complaint form, which asks for a statement of precisely what damages or other relief the plaintiff asks the court to order, Mcraine requests that the court "Unseal Federal Document in case A90-003 CR page 19." (Doc. 2 at 4).

## IV. Analysis

Mcraine's complaint fails to state a claim for relief under 42 U.S.C. § 1983, which "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. To state a claim under § 1983, "a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and

4

(2) that the alleged violation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Mcraine identifies the United States of America as the sole defendant. (Doc. 2 at 1). It is well-settled that the United States is not a "person" subject to § 1983 liability. See e.g. *Jachetta v. U.S.*, 653 F.3d 898, 908 (9th Cir. 2011) (citing *Accardi v. United States*, 435 F.2d 1239, 1241 (3d Cir. 1970) ("The United States and other governmental entities are not 'persons' within the meaning of Section 1983."); *United Billings v. United States*, 57 F.3d 797, 801 (9th Cir. 1995). Therefore, Mcraine has not and cannot state a cognizable § 1983 claim against the United States.

Mcraine's complaint also fails to state a claim for relief under the Medicaid Act, 42 U.S.C. § 1966-1396v. "The Medicaid Act does not expressly provide individuals with a private right of action, and [a plaintiff] can only raise a claim if an implied right of action exists." *Sherrill v. Arizona Health Care Cost Containment System*, 2014 WL 11662975, at *3 (D. Ariz. July 17, 2014). Courts in the Ninth Circuit have recognized that "[s]ome requirements under the Medicaid Act may confer private rights enforceable under § 1983, while others do not." *AlohaCare v. Hawaii, Dept. of Human Services*, 567 F.Supp.2d 1238, 1252 (D. Havaii 2008). For example, "[u]nder § 1396(a)(10), a state Medicaid program must

5

provide certain mandatory categories of 'medical assistance' to eligible individuals, and this section creates a private right of action enforceable under 42 U.S.C. § 1983." *Sherrill*, 2014 WL 11662975, at *3. Mcraine does not identify any specific privately enforceable provision of the Medicaid Act that she alleges was violated, and the factual allegations in the Statement of Claim section of her complaint are essentially incomprehensible. In addition, as explained above, Mcraine cannot state a cognizable claim against the United States under § 1983.

The only other statute Mcraine refers to in her complaint is the Health Insurance Portability and Accountability Act ("HIPAA"), which does not provide a private right of action. *United States v. Streich*, 560 F.3d 926, 935 (9th Cir. 2009) ("HIPAA does not provide any private right of action."); *Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078, 1081 (9th Cir. 2007) ("HIPAA itself provides no right of action.").

Even construing the Complaint liberally in Mcraine' favor, the Court cannot identify any viable federal claims. To support a claim, Mcraine would have to name a different defendant, and would have to allege facts that are different from the ones she has already alleged, not merely additional facts. Amendment would be futile. The Complaint should be dismissed for failure to state a claim on which relief may be granted.

Mcraine has also filed a Motion for Appointment of Counsel. (Doc. 8). She states that "[i]n reviewing numerous documents pertaining to this issue and likely to be needed and used in this case, there is an overwhelming need for counsel due to the mounting HIPAA violations this potentially entails along with my inexperience as a legal authority on this matter." (Doc. 8).

Civil litigants do not have a Sixth Amendment right to appointed counsel. *Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir. 1998) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)). In limited circumstances, the Court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). To warrant appointment of counsel under § 1915(e)(1), there must be a showing of "exceptional circumstances," which "requires an evaluation of both the likelihood of success on the merits and the ability of the [litigant] to articulate [her] claims pro se in light of the complexity of the legal issues involved." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (internal citations omitted). The Court finds that Mcraine has not demonstrated exceptional circumstances warranting appointment of counsel.

Finally, because Mcraine's complaint should be dismissed, her "Motion to File Unseal Under Seal" (Doc. 3) is moot.

For the reasons discussed above, the Court enters the following:

## ORDER

IT IS ORDERED that Mcraine's motion to proceed in forma pauperis (Doc. 1) is GRANTED and her filing fee is waived. The Complaint is deemed filed on March 5, 2021.

IT IS ORDERED that Mcraine's Motion to File Unseal Under Seal (Doc. 3) and Motion for Appointment of Counsel (Doc. 8) are DENIED.

## RECOMMENDATION

IT IS RECOMMENDED that:

1. Mcraine's Complaint (Doc. 2) be DISMISSED WITH PREJUDICE for failure to state a claim on which relief may be granted.

2. The Court should CERTIFY, pursuant to Federal Rule of Appellate Procedure 24(a)(4)(B), that any appeal from this disposition would not be taken in good faith. The Court should direct the Clerk to enter, by separate document, a judgment of dismissal.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mcraine may object to this Findings and Recommendation within 14 days. See 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal

<u>Mcraine must immediately advise the Court of any change in her mailing address.</u> Failure to do so may result in dismissal of this action without notice to him.

DATED this 16th day of June, 2021.

_____
Kathleen L. DeSoto
United States Magistrate Judge