IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| SAMAYA MCRAINE, | CV 21–24–M–DLC–KLD |
| Plaintiff, | |
| vs. | ORDER |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

Before the Court is United States Magistrate Judge Kathleen L. DeSoto's Order and Findings and Recommendation. (Doc. 9.) Judge DeSoto recommends that Plaintiff Samaya Mcraine's complaint (Doc. 2) be dismissed with prejudice and that the Court certify an appeal would not be taken in good faith. (Doc. 9 at 8.) Mcraine has not filed any objections.

A party is only entitled to de novo review of those findings to which he or she specifically objects. 28 U.S.C. § 636(b)(1)(C). In the absence of an objection, this Court reviews findings for clear error. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error review is "significantly deferential" and exists when the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted). Reviewing for clear

error, the Court finds none.

Mcraine commenced this civil action on March 5, 2021, naming the United States as the sole defendant and complaining that HIPPA and her civil rights were violated by actions "pertaining to non-acquirable or sealed medical records." (Doc. 2 at 4.) Mcraine seeks to invoke this Court's federal question jurisdiction, pointing to 42 U.S.C. § 1983 and the Medicaid Act, 42 U.S.C. §§ 1396-1396v. (*Id.* at 3.) The Court agrees with Judge DeSoto that dismissal is proper and that any appeal would not be taken in good faith.

To the extent Mcraine seeks to maintain an action under § 1983, Judge DeSoto's conclusion that this claim fails is not clearly erroneous. Sovereign immunity concerns aside, the United States is not a "person" amenable to suit through § 1983. *See, e.g., Wheeldin v. Wheeler*, 373 U.S. 647, 650 n.2 (1963). To the extent Mcraine seeks to couch this action under the Medicaid Act or HIPPA, Judge DeSoto's conclusion that the complaint still fails to state a claim similarly survives clear error review. Mcraine cannot state a claim through either of these statutes, because they do not provide a private cause of action. *See Armstrong v. Exceptional Child Center, Inc.*, 575 U.S. 320, 331–32 (2015) (rejecting notion that provision of Medicaid Act provides cause of action); *see also Webb v. Smart Doc. Sol., LLC*, 499 F.3d 1078, 1081 (9th Cir. 2007) ("HIPAA itself provides no private right of action"). In short, Mcraine's complaint does not plausibly state a claim for

relief.

The Court agrees with Judge DeSoto that amendment would be futile because Mcraine "would have to name a different defendant and would have to allege" different facts altogether.  (Doc. 9 at 6.)  As such, the Court will dismiss Mcraine's complaint without first offering leave to amend and certify that any appeal would not be taken in good faith.  Moreover, the Court will adopt Judge DeSoto's recommendation that Mcraine's motion to "File Unseal Under Seal" (Doc. 3) and motion for the appointment of counsel (Doc. 8) be denied.

Accordingly, IT IS ORDERED that Judge DeSoto's Findings and Recommendation (Doc. 9) is ADOPTED IN FULL.

IT IS FURTHER ORDERED that Mcraine's complaint (Doc. 2) is DISMISSED WITH PREJUDICE, for failure to state a claim upon which relief can be granted.

IT IS FURTHER ORDERED that motion to "File Unseal Under Seal" (Doc. 3) and motion for the appointment of counsel (Doc. 8) are DENIED.

IT IS FURTHER ORDERED that this Court CERTIFIES pursuant to Rule 24(a)(4)(B) of the Federal Rules of Appellate Procedure that any appeal in this matter would not be taken in good faith.

The Clerk of Court shall enter a judgment of dismissal by separate document.

DATED this 12th day of July, 2021.

_____
Dana L. Christensen, District Judge
United States District Court